NOT RECOMMENDED FOR PUBLICATION

File Name: 24b0005n.06

# BANKRUPTCY APPELLATE PANEL

### OF THE SIXTH CIRCUIT

———————————

IN RE:  CYNTHIA M. LUNDEEN,

*Debtor.*

———————————————————————

CYNTHIA M. LUNDEEN aka Cynthia Marek Lundeen,

*Debtor-Appellant,*

*v.*

WELLS FARGO BANK, N.A.,

*Creditor -Appellee.*

No. 24-8005

———————————

Appeal from the United States Bankruptcy Court for the Northern District of Ohio at Cleveland.
No. 23-11595—Jessica E. Price Smith, Bankruptcy Judge.

Decided and Filed:  August 28, 2024

Before:  BAUKNIGHT, CROOM, and STOUT, Bankruptcy Appellate Panel Judges.

———————————

## COUNSEL

**ON BRIEF:**  J.C. Ratliff, RATLIFF LAW OFFICE, Marion, Ohio, for Appellant.  Matthew J. Richardson, MANLEY DEAS KOCHALSKI LLC, Columbus, Ohio, for Appellee.

---

## OPINION

---

SUZANNE H. BAUKNIGHT, Bankruptcy Appellate Panel Judge.

Through this appeal, Debtor Cynthia Lundeen ("Debtor") challenges the denial of her motion seeking reconsideration of the order granting stay relief to Wells Fargo Bank, N.A. ("Wells Fargo") by the United States Bankruptcy Court for the Northern District of Ohio. Because the Panel finds that the bankruptcy court did not abuse its discretion when it granted stay relief to Wells Fargo and denied Debtor's request for reconsideration of that order, we affirm the bankruptcy court.

### ISSUES ON APPEAL

Debtor has stated the issues on appeal as follows:[1]

I.      Wells [Fargo] is not entitled to adequate protection for various reasons.

II.     The federal first-to-file doctrine was not honored by the lower court.

III.    The underlying state court foreclosure judgment is a nullity and void.

### JURISDICTION AND STANDARD OF REVIEW

The Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by a bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). An order that adjudicates a creditor's motion for stay relief is "a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Id.* at 38. Because the United States District Court for the Northern District of

---

[1] Rather than recite verbatim the nearly four pages of improper argument identified as the "Statement of Issues" in the Appellant's Designation of the Record on Appeal, Statement of the Issues, and Transcript Orders ("Designation on Appeal"), the Panel recites the Statement of Issues contained in Appellant's Principal Brief. The Panel notes that the text of Debtor's first and third identified issues is identical to Debtor's argument in her brief for those issues. (*Compare* Appellant's Designation of the R. on Appeal, Statement of the Issues, and Tr. Orders at 2-3, BAP Case 23-8005, ECF No. 11, *with* Appellant's Principal Br. at 12-15, BAP Case 23-8005, ECF No. 17.)

Ohio has authorized appeals to the Panel and no party has filed to have the appeal heard by a district court, this appeal is properly before the Panel. Through her appeal of the bankruptcy court's denial of her motion seeking reconsideration of a motion seeking stay relief, Debtor also appeals the underlying order granting relief from the automatic stay on its merits. Fed. R. Bankr. P. 8003(a)(4).

An appellate court reviews the trial court's denial of a motion seeking reconsideration of an order or judgment under Federal Rule of Civil Procedure 59(e) for an abuse of discretion. *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 811 (6th Cir. 2020) (citations omitted); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999) ("[A]s a general matter, the appeal from the denial of a Rule 59(e) motion is treated as an appeal from the underlying judgment itself."). The bankruptcy court's grant of a motion for stay relief also is reviewed for an abuse of discretion. *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co.* (*In re Trident Assocs. Ltd. P'ship*), 52 F.3d 127, 130 (6th Cir. 1995); *In re Martin*, 542 B.R. 199, 201 (B.A.P. 6th Cir. 2015). "'An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.' 'The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.'" *In re Murray Energy Holdings Co.*, 640 B.R. 558, 561 (B.A.P. 6th Cir. 2022) (quoting *In re Appalachian Fuels, LLC*, 493 B.R. 1, 6 (B.A.P. 6th Cir. 2013) (citations omitted)).

## FACTS[2]

Debtor's state court efforts to defeat Wells Fargo's foreclosure attempts on Debtor's residence since 2016 were summarized by the district court's order that dismissed Debtor's claims in the District Court Action:

---

[2]The Panel has gleaned the facts from the documents identified by Debtor in the Designation on Appeal and any document referenced therein. Also, because Debtor attached as exhibits to the Motion for a Stay of Execution and to Set Bond filed before this Panel on March 1, 2024, the full dockets as of February 10, 2024, the Panel takes judicial notice of all referenced documents of record in *In re Lundeen*, Case No. 23-11595-jps (Bankr. N.D. Ohio) ("Bankruptcy Case") and *Lundeen v. Wells Fargo*, Case No. 1:23-cv-00918-BMB (N.D. Ohio) ("District Court Action"). *See* Fed. R. Evid. 201.

On January 8, 2016, Defendant Wells Fargo filed a foreclosure complaint against Lundeen [in Ohio state court], seeking the balance due on a promissory note and to foreclose on a mortgage. Following Wells Fargo's third amended complaint, Lundeen filed a motion to dismiss the case, claiming Wells Fargo did not have standing to bring the foreclosure action because she had signed the note and mortgage with World Savings Bank, and Wells Fargo had not alleged in the third amended complaint that it was a successor to the note and mortgage by merger or a name change. The state trial court denied the motion. Thereafter, Wells Fargo filed a motion for summary judgment, which the trial court granted.[3] *See Wells Fargo, N.A. v. Lundeen*, No. 107184, 2020-Ohio-28 (Ohio Ct. App. Jan. 9, 2020).

Lundeen appealed the state trial court's decision, alleging that the trial court erred in granting summary judgment to Wells Fargo because she was never served with the third amended complaint and the note and mortgage were not properly authenticated. *Id.* The Eighth District Court of Appeals [for Ohio] affirmed the judgment, concluding that Lundeen waived any issue with service because she had not previously raised the issue and proper service can be presumed in this case. *Id.* at * 7-10. The state court of appeals also found no error regarding Wells Fargo's affidavit authenticating the documents attached to its motion for summary judgment. *Id.* at *13-14. Lundeen asked the [state court]to reconsider its decision en banc, and the [state court] declined to do so. *See Wells Fargo, N.A.*, No. 107184 (Ohio Ct. App. filed June 15, 2020). Lundeen then appealed the Eighth District Court of Appeals' decision to the Ohio Supreme Court, which declined jurisdiction. *See Wells Fargo, N.A. v. Lundeen*, No. 2020-0932, 2020-Ohio-4811 (Ohio 2020).

Lundeen additionally filed a direct action seeking a writ of prohibition in the Eighth District Court of Appeals [of Ohio] to prevent the enforcement of the foreclosure judgment, which was dismissed. *See State ex rel. Lundeen v. Burnside*, No. 107657, 2018-Ohio-4122 (Ohio Ct. App. October 5, 2018). She filed another direct action, once again seeking a writ of prohibition in the Eight [sic] District Court of Appeals, which was also dismissed. *See Lundeen v. Turner*, No. 109240, 2020-Ohio-274 (Ohio Ct. App. Jan. 24, 2020). In May 2021, the Ohio Supreme Court denied relief in Lundeen's direct appeal. *See Lundeen v. Turner*, No. 2020-0356, 172 N.E.3d 150 (Ohio 2021). And in May 2022, the Ohio Supreme Court affirmed the court of appeals' denial of Lundeen's motion for relief from judgment. *See Lundeen v. Turner*, No. 2021-1032, 194 N.E.3d 349 (Ohio 2022).

---

[3]The suit was captioned *Wells Fargo Bank, N.A. v. Cynthia Lundeen*, et al., Case No. CV-16-856890 ("State Court Action") and filed in the Court of Common Pleas for Cuyahoga County, Ohio. The judgment is dated April 13, 2018 ("Foreclosure Judgment").

(Mem. Op. & Order ("District Court Dismissal Order") at 1-2, Case No. 1:23-cv-00918-BMB
(N.D. Ohio July 28, 2023), ECF No. 11.)

Dissatisfied with her repeated losses in state court, Debtor, *pro se*, filed the District Court
Action on May 4, 2023, seeking injunctive relief to prevent Wells Fargo from executing on the
Foreclosure Judgment, which she argued was void because she had not waived personal
jurisdiction, she had not participated in the State Court Action, and Wells Fargo had "violated
'the doctrine of equitable estoppel otherwise known as fraud on the court.'" (*Id*. at 3; Order at 1,
Case No. 1:23-cv-00918-BMB (N.D. Ohio Mar. 4, 2024), ECF No. 17.) In the District Court
Dismissal Order, the district court granted Wells Fargo's motion to dismiss, applying the
*Rooker-Feldman* doctrine and res judicata. Specifically, the district court held that it "lack[ed]
subject matter jurisdiction over [Debtor's] complaint" and her request for the court "to review
the state court's decisions in the foreclosure action and to declare the foreclosure judgment
void." (District Court Dismissal Order at 5-6, Case No. 1:23-cv-00918-BMB (N.D. Ohio July
28, 2023), ECF No. 11.) Such a request, the district court found, "is precisely the kind of
challenge to a state court decision that is barred by the *Rooker-Feldman* doctrine." (*Id*. at 6.)
The district court also referenced 28 U.S.C. § 2283, which precludes federal injunctions to stay
state court proceedings (including foreclosures) unless doing so is expressly authorized by an
Act of Congress or is necessary to aid in effectuating a federal judgment. Because the
Foreclosure Judgment was "a final judgment rendered upon the merits," the district court found
that Debtor's challenge to the validity of the Foreclosure Judgment was barred by res judicata,
which encompassed both issue and claim preclusion under Ohio law. (*Id*. at 6-7.) Finally,
finding that "to the extent [Debtor] argue[d] that her claim regarding the alleged lack of service
ha[d] not been previously adjudicated, this claim could have been litigated in the prior state
action," the district court held that the Foreclosure Judgment was entitled to full faith and credit
so that Debtor was barred from relitigating in the district court. (*Id*. at 8.) "Immediately after
filing its Order," the district court "issued a final judgment entry" as docket entry number 12.
(Order at 1-2, Case No. 1:23-cv-00918-BMB (N.D. Ohio Mar. 4, 2024), ECF No. 17; Judgment
Entry, Case No. 1:23-cv-00918-BMB (N.D. Ohio July 28, 2023), ECF No. 12.)

Twenty-eight days after entry of the District Court's Dismissal Order and Judgment Entry, Debtor filed a Motion for Leave to Amend Under Rules 15(a)(2) and 59(e) ("Rule 15 Motion"). When the district court took no action on the motion, Debtor filed a motion to place the Rule 15 Motion on the docket. On March 4, 2024, the district court entered its order denying both of Debtor's motions.

Meanwhile, on May 12, 2023, eight days after filing the District Court Action, Debtor, again acting *pro se*,[4] filed a Voluntary Chapter 13 Petition commencing the Bankruptcy Case. Debtor scheduled Wells Fargo as holding a disputed unliquidated claim of approximately $499,473.61 ($364,579.25 plus 3.913% interest per annum from December 16, 2013) for account number ending in 6218, marking the "nature of lien" as "other" with a caveat that "a financial institution other than Wells Fargo Bank NA originated the note and mortgage; it is disputed that Wells Fargo Bank N.A. has standing to make a claim." (Pet. at 11, Case No. 23-11595-jps (Bankr. N.D. Ohio May 12, 2023), ECF No. 1.) Debtor also scheduled a disputed unliquidated debt for account number ending in 0001 in the amount of $72,467.18, also marking the "nature of lien" as "other" with a caveat that "a financial institution other than Wells Fargo Bank, N.A. originated the home equity line of credit, which it solicitated [*sic*] me to accept; It is disputed that Wells Fargo Bank, N.A. has standing to make a claim." (*Id.*)

On September 22, 2023, approximately two months after the District Court Action was dismissed, Wells Fargo filed in the Bankruptcy Case a Motion for Relief From Stay and Codebtor Stay (First Mortgage) ("Motion for Stay Relief"), seeking stay relief under 11 U.S.C. § 362(d)[5] and the codebtor stay of 11 U.S.C. § 1301.[6] As stated in the Motion for Stay Relief,

---

[4]Counsel for Debtor entered an appearance in the Bankruptcy Case on July 17, 2023. Counsel for Debtor in the Bankruptcy Case and in this appeal filed his notice of appearance in the District Court Action on November 9, 2023, thus first appearing in the District Court Action on the same day as the hearing in the Bankruptcy Case on Wells Fargo's Motion for Stay Relief, during which Wells Fargo argued that Debtor's Rule 15 Motion in the District Court Action would sit dormant because the District Court Action had been fully adjudicated without a timely appeal.

[5]The opening paragraph of the Motion for Stay Relief references "Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1" in making the request "for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 **and the codebtor stay imposed by 11 U.S.C. § 1301 with respect to James E. Lundeen**." (Mot. For Stay Relief at 1, Case No. 23-11595-jps (Bankr. N.D. Ohio Sept. 22, 2023), ECF No. 55 (emphasis in original)). Wells Fargo's opening paragraph lists §§ 361 and 363 but makes no

Debtor, individually, obtained a loan from World Savings Bank, FSB, in June 2005, for $445,000.00 through an Adjustable Rate Mortgage Note, which was secured by an Open-End Mortgage granting a lien against real property owned by Debtor and, allegedly, her spouse, James L. Lundeen, at 2380 Overlook Road, Cleveland Heights, Ohio ("Overlook Road Property"). Wells Fargo alleged that according to county tax records, Overlook Road Property had a value of $552,500.00. The Motion for Stay Relief recited a total debt of $818,797.13 as of September 7, 2023.[7] Wells Fargo, as servicer and owner of the loan obligation by transfers from World Savings Bank, FSB, to Wachovia Mortgage, FSB, to Wells Fargo, sought stay relief for the following reasons:

> Debtor has failed to provide adequate protection for the lien held by the Creditor **for the reasons stated in the boxes checked below**.
>
> . . . .
>
> **Debtor has failed to make periodic payments to Creditor since the commencement of this bankruptcy case and is due for the June 5, 2023, June 19, 2023, July 3, 2023, July 17, 2023, July 31, 2023, August 14, 2023, and August 28, 2023 payments, which unpaid payments are in the aggregate amount of $17,617.67 less a post-petition suspense of $0.00 to total $17,617.67 through September 7, 2023. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement question.**

---

other reference to or argument under those sections, and the bankruptcy court clearly granted stay relief for cause under § 362(d).

[6]The Panel also notes that although Debtor complains about the inclusion of relief from the co-debtor stay in the Stay Relief Order, Debtor has not raised, and has no standing to appeal, that portion of the Stay Relief Order. *See Williams v. Levi* (*In re Williams*), 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005) (noting that the codebtor was not a party to the appeal and the debtor had no apparent standing to appeal on the codebtor's behalf). On August 2, 2024, Debtor filed Appellant's Motion to Take Judicial Notice Pursuant to Federal Evidence Rule 201, asking the Panel to take judicial notice of a journal entry from the Cuyahoga County Court of Common Pleas that dismissed with prejudice James Lundeen, the alleged codebtor. Because the journal entry has no bearing on this appeal, which does not include the question of codebtor stay relief, the Panel will deny Debtor's motion.

[7]As evidenced by Exhibit D to the Motion for Stay Relief, the total debt included principal of $364,579.25, interest of $127,512.21, late fees of $389.83, and an escrow advance of $325,385.84. (Exhibit D to Mot. for Stay Relief at 30-34, Case No. 23-11595-jps (Bankr. N.D. Ohio Sept. 22, 2023), ECF No. 55-1.) Of that total, $610,741.69 were pre-petition arrearages, and $17,617.67 were post-petition arrearages from Debtor's failure to make seven payments of $2,516.81. (*Id.*) Wells Fargo attached as exhibits to the Motion for Stay Relief copies of the Adjustable Rate Mortgage Note; the Open-End Mortgage; Articles of Combination reflecting a merger between World Savings Bank, FSB and World Savings and Loan Association; and the Stay Relief Worksheet. (Exhibits A-D to Mot. for Stay Relief, Case No. 23-11595-jps (Bankr. N.D. Ohio Sept. 22, 2023), ECF No. 55-1.)

(Mot. For Stay Relief at ¶ 14, Case No. 23-11595-jps (Bankr. N.D. Ohio Sept. 22, 2023), ECF No. 55 (emphases in original)).

In Debtor's opposition to the Motion for Stay Relief ("Opposition to Stay Relief")), she advanced the following four arguments:

A. First to File Doctrine of Federal Comity[8] . . . ;

B. Wells Fargo's Motion to Lift the Co-debtor Stay as to James E. Lundeen is a nullity, is Barred by the Doctrine of *Res Judicata*, *inter alia*, and is Emblematic of the Fact that Wells Fargo does not know or understand what assets it may or may not have purchased, inherited or otherwise acquired from defunct Wachovia Savings Bank, FSB, which in turn had purchased, inherited or otherwise acquired from defunct World Savings Bank, FS[9] . . . ;

C. Wells Fargo relies on unauthenticated exhibits, inadmissible as evidence pursuant to Evid.R. [*sic*] 803(b) and Evid.R. [*sic*] 902(11), *inter alia*[10] . . . ; and

[D.] Adverse Inference.[11]

(Debtor's Mem. in Opp'n to Mot. for Stay Relief at 2, 4, 10, Case No. 23-11595-jps (Bankr. N.D. Ohio Oct. 13, 2023), ECF No. 66.) Debtor also attached seven exhibits to her Opposition to Stay Relief: (1) a Journal Entry from the Court of Common Pleas of Cuyahoga County, Ohio, dated January 8, 2018, reflecting that James Lundeen was dismissed from the State Court Action because his dower interest in the Overlook Road Property was terminated when he and Debtor divorced; (2) a Reuters Business News online article dated October 12, 2017, entitled "Ohio extends ban on Wells Fargo business by six months"; (3) a Reuters Investment Trusts online article dated December 14, 2010, entitled "Wells Fargo to settle lawsuit over pick-a-payment loans"; (4) an article dated June 6, 2018, from The Motley Fool entitled "Why Wells Fargo is

---

[8]Debtor argued that the bankruptcy court was required to abstain from granting the Motion for Stay Relief while the District Court Action was pending under the "first-to-file" rule. (Debtor's Mem. in Opp'n to Mot. for Stay Relief at 1-4, Case No. 23-11595-jps (Bankr. N.D. Ohio Oct. 13, 2023), ECF No. 66.)

[9]Debtor argued that Mr. Lundeen, Debtor's former spouse, was dismissed from the State Court Action and, therefore, was without dower rights, and it was "a nullity" to ask for codebtor relief. (*Id*. at 2, 4.)

[10]Debtor argued that the security documents on which Wells Fargo relied in the Motion for Stay Relief were not authenticated and, therefore, inadmissible under Federal Rule of Evidence 803(6). (*Id*. at 4-9.)

[11]Debtor argued that the bankruptcy court should infer against Wells Fargo for not relying on the Foreclosure Judgment and, instead, using "business records" in support of its Motion for Stay Relief. (*Id*. at 10.)

Leaving the Midwest Behind"; (5) an article dated June 6, 2018, from www.news8000.com entitled "Wells Fargo selling all branches in Michigan, Indiana, Ohio"; (6) an article dated January 11, 2023, from Forbes entitled "Wells Fargo Is Backing Out Of The Mortgage Market – What Does It Mean For Homebuyers?"; and (7) an article dated December 20, 2022, from the Consumer Financial Protection Bureau entitled "CFPB Orders Wells Fargo to Pay $3.7 Billion for Widespread Mismanagement of Auto Loans, Mortgages, and Deposit Accounts." (*Id.* at Exs. 1-7.)

The bankruptcy court held a hearing on November 9, 2023, on several matters, including the Motion for Stay Relief and Opposition to Stay Relief. As reflected in the transcript of the hearing, Wells Fargo sought stay relief under § 362(d) based on Debtor's failure to make payments, and its counsel gave the following synopsis of the parties' actions to that point:

> Debtor hasn't made any payments. Debtor has acknowledged the intent is to not make any payments. At this point, there will be no payments forthcoming. The equity issue, there's a lack of equity there. And you could also argue that this property is not necessary for an effective reorganization, as Debtor has not provided any treatment in her plan, but has filed multiple plans at this point that do not include treatment.

> Debtor didn't dispute any of those issues in the response. In fact, as I stated Debtor freely acknowledges she's not making any payments, as she still continues to dispute the debt to Wells Fargo. At this point, you know, continued efforts of this Debtor to delay foreclosure that's been pending since 2016. The Debtor wants to hang her hat on her [District Court Action]. But as been provided to the Court, that case was dismissed. That docket terminated July 28, and the order that the court entered was very clear. That was dismissed with no leave to amend. So that was the end of that case. Debtor did not timely appeal. So at the moment, the motion for leave that Debtor filed in that case was filed after the case was dismissed. That's going to sit there until the end of time. The court will not rule on that because that case was terminated.

> So at the moment, the note and mortgage are valued as ruled on by a Cuyahoga County Court of Common Pleas in Case CV-856890 back in 2018, and the Eighth Appellate District confirmed that judgment in 2020. So at the moment, the only rulings out there are all in favor of Wells Fargo's validity of the note and the mortgage and the validity of the lien.

> So at the moment, Debtor has no stand, no basis, really, at this point, to deny the existence of the note and the mortgage and the existence of the debt.

And in fact, if we look back into 2019 in the Debtor's prior case, this Court granted Wells Fargo's relief from stay in that case for the very same reason. Nothing's happened. Nothing has changed since then. In fact, the only difference was that Debtor's appeal has failed since then, and her [District Court Action] has been dismissed. So Debtor has not progressed any further than in 2019.

So there's significant prejudice to my client and harm if they're not granted relief at this point and allowed to continue with their state court remedies.

(Tr. of Nov. 9, 2023 Hr'g at 3:12-5:11, Case No. 23-11595-jps (Bankr. N.D. Ohio Dec. 6, 2023), ECF. No. 107.)

In response, Debtor's counsel disagreed with the argument advanced by Wells Fargo and asked for a stay of the bankruptcy court's decision on the Motion for Stay Relief based on the following:

There was a motion filed August 25 pursuant to 59(e) in the [District Court Action] asking to be allowed to amend. I think it is an appropriate motion pursuant to 59(e). There was no reply done by Wells Fargo to that motion. That motion is still pending. There were still some claims in there that weren't adjudicated. As a result, that is still a good pending motion, and we have not heard from the Northern District Court.

(*Id*. at 5:15-5:23.) When asked by the bankruptcy court specifically for Debtor's stance regarding lack of equity, failure to make post-petition payments, and the underlying State Court Action, Debtor's counsel stated the following:

Your Honor, we are claiming that the judgment that they've obtained is invalid based on numerous problems with it, which included unauthenticated exhibits, lack of authenticated documents, inadmissible evidence, use of secondary evidence. And as a result, we have asked to amend, and we feel it is a good motion under 59(a)[.]

(*Id*. at 6:9-6:15.)

The bankruptcy court then ruled from the bench and granted the Motion for Stay Relief "for cause," stating, "To the extent that you have issues with respect to [the] underlying judgment, this will go back to the state court for their remedies, and you can address those there." (*Id*. at 6:18-6:21.) The Order Granting Motion for Relief From Stay And Codebtor Stay

(First Mortgage) (Docket No. 55) ("Stay Relief Order") memorializing the bench decision was entered on November 22, 2023.

Debtor moved to modify the Stay Relief Order on November 27, 2023 ("Motion to Modify"), asking the bankruptcy court to reconsider and (1) stay ruling on the Motion for Stay Relief pending the outcome of the District Court Action, "including all appeals, including certiorari to the U.S. Supreme Court," and (2) deny the Motion for Stay Relief to the extent it sought relief from the codebtor stay. (Mot. to Modify at 1, Case No. 23-11595-jps (Bankr. N.D. Ohio Nov. 27, 2023), ECF No. 93.) Debtor also submitted a proposed order to "replace" the Stay Relief Order that, *inter alia*, stayed adjudication of the Motion for Stay Relief pending all appeals in the District Court Action and stated that Wells Fargo's documents "tendered in support of its motion to lift the automatic stay constitute double hearsay and are not trustworthy as acquiesced by Wells' decision not to refute Lundeen's arguments." (Proposed Order at 1, 2, Case No. 23-11595-jps (Bankr. N.D. Ohio Nov. 29, 2023), ECF No. 95.) On December 1, 2023, Debtor re-filed the Motion to Modify ("Motion for Reconsideration") because of the need to cure a filing deficiency, as noted by the bankruptcy court on November 30, 2023. For the first time, Debtor attached as an exhibit to the Motion for Reconsideration an affidavit averring that her name is on the deed to and she owns the Overlook Road Property, that she has lived there for 31 years, and that she "would be irreparably harmed" if Wells Fargo sold the Overlook Road Property.[12] (Aff. of Cynthia M. Lundeen at ¶¶ 1, 3-5, Case No. 23-11595-jps (Bankr. N.D. Ohio Dec. 1, 2023), ECF No. 101-1.)

The bankruptcy court held a hearing on the Motion for Reconsideration (and Debtor's request to stay execution) on January 11, 2024. At the hearing, Debtor argued that she was entitled to stay execution of the Stay Relief Order in exchange for posting a $1,000.00 bond. She also asked that any enforcement of Wells Fargo's nonbankruptcy rights be stayed until after the court heard and adjudicated Debtor's objection to Wells Fargo's claim number 6. Debtor offered several arguments in support of this argument: (1) Wells Fargo did not have an enforceable

---

[12]Debtor also included in her Affidavit the following legal conclusion: "No court has performed the required *de novo* analysis of the threshold issue which resulted in the summary judgment of foreclosure in question of April 13, 2018, being void *ab initio*." (Aff. of Cynthia M. Lundeen at ¶ 6, Case No. 23-11595-jps (Bankr. N.D. Ohio Dec. 1, 2023), ECF No. 101-1.)

claim; (2) the proposed "split plan"[13] had not been confirmed; (3) the District Court Action remained pending; and (4) the Chapter 13 Trustee did not participate in the stay relief hearing and did not meet the burden imposed on trustees under § 363.  In response, Wells Fargo argued that (1) because the Motion for Stay Relief was filed under § 362, the Chapter 13 Trustee had no input concerning whether Wells Fargo was adequately protected and § 363 was inapplicable; (2) because the District Court Action was closed, only the Bankruptcy Case remained pending; and (3)  Wells Fargo had continually objected to confirmation of Debtor's proposed amended Chapter 13 plan.  Finally, Wells Fargo argued that Debtor was "using [the bankruptcy case] as a vehicle to hinder and delay Wells Fargo's state court rights," that both the state appellate court and the district court had affirmed the validity of the Foreclosure Judgment, and that Debtor should seek a bond in the state court, which should be set in the amount of the judgment under Ohio law and significantly more than $1,000.00.  (Tr. of Jan. 11, 2024 Hr'g at 4:19-21, 5:1-11, 7:15-24, Case No. 23-11595-jps (Bankr. N.D. Ohio Jan. 17, 2024), ECF No. 142.)

The bankruptcy court denied the Motion for Reconsideration after "review[ing] the pleadings and listening to the arguments of counsel," because there was no "good cause stated for the motion."  (*Id*. at 6:19-23.)  The bankruptcy court did not enter a formal order denying the Motion for Reconsideration; however, docket entries dated January 11, 2024, reflect that the motion was "DENIED" and the response by Wells Fargo was "SUSTAINED."  (Jan. 11, 2024 Docket Entries, Case No. 23-11595-jps (Bankr. N.D. Ohio).)

On January 24, 2024, Debtor timely filed her Notice of Appeal of the bankruptcy court's denial of the Motion for Reconsideration, and the appeal was docketed on February 7, 2024. Neither party requested oral argument, and the Panel finds that the facts and legal arguments are

---

[13]The "split plan" appears to have come into play during the confirmation hearing held on September 28, 2023, during which counsel for the Chapter 13 Trustee opposed Debtor's motion to continue the confirmation hearing pending the outcome of the District Court Action, arguing that the case needed to move forward and that if the court were to grant Debtor's request to suspend confirmation indefinitely, creditors would not be paid.  Counsel for the Chapter 13 Trustee then suggested what Debtor calls her "split plan":  that "worst case scenario, there's something in a confirmed plan, if we can have a feasible plan, that would basically hold whatever litigation there is with Wells Fargo in abeyance.  But the rest of the creditors can get paid out if there is a plan that is confirmable." (Tr. of Sept. 28, 2023 Hr'g at 4:21-5:1, Case No. 23-11595-jps (Bankr. N.D. Ohio Dec. 28, 2023), ECF No. 127.)

adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument.

## DISCUSSION

For the reasons outlined herein, the Panel finds that the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration or in granting the underlying Motion for Stay Relief.

### I.        Relief from the Automatic Stay

The automatic stay, which is imposed under 11 U.S.C. § 362(a) as a matter of law when a bankruptcy petition is filed, "gives the honest debtor an opportunity to protect his assets for a period of time so that the resources might be marshalled to satisfy outstanding obligations." *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co.* (*In re Laguna Assocs. Ltd. P'ship*), 30 F.3d 734, 737 (6th Cir. 1994). Creditors may seek relief from the automatic stay under 11 U.S.C. § 362(d) for a lack of equity in the property in question, when the property is not necessary for an effective reorganization, and "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court." *In re Martin*, 542 B.R. at 202. Because the Bankruptcy Code does not define "cause" under § 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Assocs. Ltd. P'ship*, 30 F.3d at 737. Although the party seeking stay relief bears the burden of proving a lack of equity in the property, the party opposing relief bears the burden of proof on all other issues. 11 U.S.C. § 362(g).

In support of the Motion for Stay Relief, Wells Fargo alleged and attached exhibits to reflect that Debtor owned the Overlook Road Property, which she used as collateral for a $445,000.00 mortgage from its predecessor in interest, World Savings Bank, FSB; that the Cuyahoga County Auditor valued the Overlook Road Property at $552,500.00 on its tax records; and that Debtor's debt to Wells Fargo totaled $818,797.13, including seven post-petition payments totaling $17,617.67, as of September 7, 2023. At the November 9, 2023 hearing on the Motion for Stay Relief, even when the bankruptcy court expressly offered Debtor an opportunity

to refute Wells Fargo's allegations, Debtor did not dispute that she was not making payments to Wells Fargo for the Overlook Road Property, that there was no equity in the property,[14] or that there was an underlying state court action within which the parties could proceed. Instead, Debtor's counsel reiterated the claim that the Foreclosure Judgment was invalid and that it should be set aside under Rule 59(e).

The bankruptcy court granted Wells Fargo stay relief "based on cause," saying that the motion stated cause "based on there being no equity, there being no post-petition payment, and there being an underlying state court case which the creditor can proceed in." (Tr. of Nov. 9, 2023 Hr'g at 6:3-6, Case No. 23-11595-jps (Bankr. N.D. Ohio Dec. 6, 2023), ECF No. 107.) The court also made clear in the Stay Relief Order: "Movant has alleged that good cause for granting the Motion exists" and that "[a] hearing on the Motion was held on November 9, 2023, and the motion was granted for cause." (Stay Relief Order at 1-2, Case No. 23-11595-jps (Bankr. N.D. Ohio Nov. 22, 2023), ECF No. 85.)

### A. Adequate Protection

Debtor argues before this Panel that the bankruptcy court erred in granting the Motion for Stay Relief because the Chapter 13 Trustee did not request or require adequate protection payments on Wells Fargo's claim, did not meet her burden of evidence that adequate protection payments were necessary under 11 U.S.C. § 363(p), and was not required by the court to present any such evidence at the November 9 hearing.[15] This argument, however, is misplaced.

---

[14]For the first time, in her reply brief Debtor argues to this Panel that Wells Fargo never provided "credible evidence of lack of equity." (Appellant's Reply Br. at 13, BAP No. 24-8005, ECF No. 21.) Debtor then proffers evidence not in the record about the value of the Overlook Road Property. The new argument that Wells Fargo failed to meet its burden to show a lack of equity in the Overlook Road Property is waived. *See United States v. Ninety–Three Firearms*, 330 F.3d 414, 424 (6th Cir. 2003) ("This court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice.") No miscarriage of justice exists here because Debtor's amended Schedule A/B, filed August 23, 2023, scheduled the value of the Overlook Road Property at $700,000.00, which is less than the debt owed to Wells Fargo according to Exhibit D to the Motion for Stay Relief.

[15]Debtor correctly states that under § 363(p), the burden of proving adequate protection is borne by the trustee seeking to use, sell, or lease property under § 363. Wells Fargo's Motion for Stay Relief, however, is not an action under § 363 and was not brought by the Chapter 13 Trustee. As such § 363(p) has no application, and it is immaterial that the bankruptcy court did not make any inquiry from the Chapter 13 Trustee concerning stay relief and that the Chapter 13 Trustee did not request or require adequate protection payments on Wells Fargo's claims.

Debtor's arguments concerning adequate protection ignore the language of § 362(d)(1) and the bankruptcy court's ruling as announced from the bench on November 9, 2023, and as reflected in the Stay Relief Order. Although a lack of adequate protection may constitute cause for stay relief under subsection (d)(1), cause is not limited to a lack of adequate protection. As explained by one bankruptcy court:

> "Cause" is not defined by the Bankruptcy Code. *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002). It may include lack of adequate protection as set forth in the statute, but that is not the only basis for finding cause to grant relief from stay. 3 COLLIER ON BANKRUPTCY ¶ 362.07[3] (16th ed. 2013). Cause may exist in a wide variety of circumstances, such as when nonbankruptcy litigation affecting multiple parties was ready for trial when the bankruptcy stay was imposed, *In re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986), or to allow an embezzlement victim to pursue embezzled property held by a debtor. *In re Newpower*, 233 F.3d 922, 935 (6th Cir. 2000) (Batchelder, J., concurring, but writing for the court on the issue of relief from stay). . . . " '[C]ause' is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re River Estates, Inc.*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003) (citation omitted). "In determining whether cause exists the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *In re Combs*, 435 B.R. 467, 471 (Bankr. E.D. Mich. 2010) (quotation omitted).

*In re Jeffers*, 572 B.R. 681, 684 (Bankr. N.D. Ohio 2017).

In consideration of the entire record before the bankruptcy court, consisting of the Motion for Stay Relief, the Opposition to Stay Relief, and the oral representations and arguments advanced by counsel at the November 9 hearing, the bankruptcy court determined that cause existed to grant stay relief to Wells Fargo "based upon there being no equity, there being no post-petition payment, and there being an underlying state court case which the creditor can proceed in." (Tr. of Nov. 9, 2023 Hr'g at 6:3-6, Case No. 23-11595-jps (Bankr. N.D. Ohio Dec. 6, 2023), ECF No. 107.) The Panel's review of that same record leads to a conclusion that the bankruptcy court did not abuse its discretion by granting the Motion for Stay Relief under § 362(d)(1) for cause, including Debtor's failure to make payments both pre- and post-petition and the opportunity for both parties to litigate their state-court issues in state court. Thus, the bankruptcy court did not abuse its discretion in denying the Motion for Stay Relief.

### B.    The First-to-File Doctrine

In the alternative to her § 363 argument, Debtor argues in her Appellant's Principal Brief that the bankruptcy court's entry of the Stay Relief Order violated the first-to-file federal court doctrine.  Debtor asserts that the bankruptcy court violated this doctrine when issuing the Stay Relief Order because the order was entered notwithstanding the fact that the District Court Action "remained viable" because the District Court Dismissal Order was "non-final and non-appealable."  (Appellant's Principal Br. at 13, BAP Case No. 24-8005, ECF No. 17.)  She asserts that at the time of the Stay Relief Order, the district court had not ruled on every count in her complaint[16] and had not yet ruled on her motion to amend and reconsider dismissal of the District Court Action.  Debtor characterizes the bankruptcy court's Stay Relief Order as a usurpation of the district court's Article III jurisdiction.

"The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts."  *Baatz v. Columbia Gas Transmission*, LLC, 814 F.3d 785, 789 (6th Cir. 2016) (citations and internal quotation marks omitted).

> Under the first-to-file principle, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 551 (6th Cir. 2007) (internal quotation marks omitted) (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc*., 16 F. App'x 433, 437 (6th Cir. 2001)).  The rule is a "well-established doctrine that encourages comity among federal courts of equal rank."  *Id*. (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004)).  It "is not a strict rule," however, and "district courts have the discretion to dispense with" it "where equity so demands."  *Id*. (first quoting *AmSouth Bank*, 386 F.3d at 791 n.8; and then quoting *Zide Sport Shop*, 16 F. App'x at 437).

*Emps. Ret. Sys. of City of St. Louis v. Jones*, No. 23-3512, 2024 WL 659984, at *6 (6th Cir. Feb. 16, 2024) (emphasis in original).

---

[16]In March 2024, the district court disagreed with Debtor's position, finding that her argument did "not articulate[] how the text or substance of the [District Court Dismissal Order] indicate[d] that Count Two was not dismissed." (Order at 2, Case No. 1:23-cv-00918-BMB (N.D. Ohio Mar. 4, 2024), ECF No. 17.)  Debtor notes that the matter is now on appeal to the Sixth Circuit Court of Appeals after she appealed the district court's order that denied her motion to amend and reconsider the District Court Dismissal Order.

Courts consider the following when applying the first-to-file rule: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789. If the first three factors are satisfied, "the court must also determine whether any equitable considerations, such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case." *Id*. (quoting *Certified Restoration Dry Cleaning Network, LLC*, 511 F.3d at 551-52). "Courts have repeatedly warned that the first-to-file rule is not a mandate directing wooden application of the rule without regard to extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. However, deviations from the rule should be the exception, rather than the norm." *Id*. at 792 (citations and quotation marks omitted). "Even when those factors call for application of the rule, however, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *Heyman v. Lincoln Nat'l Life Ins. Co*., 781 F. App'x 463, 476 (6th Cir. 2019) (quoting *Zide Sport Shop*, 16 F. App'x at 437); *see also Baatz*, 814 F.3d at 789 (stating that a court's application of the first-to-file rule is reviewed for an abuse of discretion).

Based on the equities and the facts presented, the Panel finds that the bankruptcy court did not abuse its discretion when it granted the Motion for Stay Relief notwithstanding the District Court Action. Assuming the first three *Baatz* factors were met, at the time the bankruptcy court entered the Stay Relief Order in November 2023, the District Court Action had been dismissed for nearly four months. Moreover, Debtor's frustration with the bankruptcy court's handling of the Bankruptcy Case notwithstanding the purported pendency of the District Court Action is a problem of Debtor's own making. She filed the District Court Action on May 4, 2023, and her Bankruptcy Case on May 12, 2023, apparently as an attempt to use the automatic stay to prevent Wells Fargo from executing on its Foreclosure Judgment.[17] The Panel finds no abuse of discretion by the bankruptcy court under Debtor's first-to-file argument.

---

[17]Although Debtor filed a motion for a temporary restraining order ("TRO") in the District Court Action, the district court had taken no action on the motion, and a sheriff's sale was set for May 15, 2023. The sheriff's sale having been stayed by Debtor's filing of her bankruptcy petition, Debtor withdrew her request for a TRO on May 17, 2023, stating that "[t]he exigency of the matter . . . has been reduced; the Sheriff's sale previously scheduled for May 15, 2023, being at this time cancelled . . . ." (Notice of Reduced Exigency, Which Does Not, However Obviate the Need for a Permanent Inj. at 2, Case No. 1:23-cv-00918-BMB (N.D. Ohio May 17, 2023), ECF No. 7.)

### C. *Rooker-Feldman* Doctrine & Bankruptcy Code § 105

Debtor argues that the bankruptcy court "should have used its powers under 11 U.S.C. § 105 to perform a *de novo* analysis of Lundeen's claim of void judgment of foreclosure." (Appellant's Principal Br. at 16, BAP Case No. 24-8005, ECF No. 17.) The Panel finds that the bankruptcy court did not abuse its discretion by not addressing the validity of the Foreclosure Judgment under § 105(a).

The Bankruptcy Code provides bankruptcy courts with an inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of [the Code]." 11 U.S.C. § 105(a). Nevertheless, "[t]he equitable powers of section 105(a) may only be used in furtherance of the goals of the Code." *Childress v. Middleton Arms, L.P.* (*In re Middleton Arms, Ltd. P'ship*), 934 F.2d 723, 725 (6th Cir. 1991). Accordingly, "bankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language.'" *Id*. (quoting *Ray v. City Bank & Trust Co.* (*In re C-L Cartage Co., Inc.*), 899 F.2d 1490, 1494 (6th Cir. 1990)). As recognized by the Supreme Court, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

Moreover, § 105 does not create subject matter jurisdiction where none exists. Because only the Supreme Court is vested by 28 U.S.C. § 1257 with the jurisdiction to engage in an appellate review over final judgments of a state court, the *Rooker-Feldman* doctrine bars all other federal courts from doing so. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012), and citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). The doctrine is limited in its scope and applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" but "does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

To determine whether a claim is barred by the *Rooker-Feldman* doctrine, courts focus on "[the] source of the injury the plaintiff alleges in the federal complaint, [and i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde*, 951 F.3d at 402 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Only "[i]f there is some other source of injury, such as a third party's action" does the party "assert[] an independent claim." *Id.* (quoting *Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008)). The federal court determines the source of injury by "look[ing] to the allegations contained in the federal complaint and to the plaintiff's request for relief." *Tubbs v. Long*, No. 22-5127, 2022 WL 13983800, at *3 (6th Cir. Oct. 24, 2022) (citing *Berry*, 688 F.3d at 299; *Isaacs v. DBI-ASG Coinvestor Fund* (*In re Isaacs*), 895 F.3d 904, 912 (6th Cir. 2018)).

The *Rooker-Feldman* Doctrine applies here because Debtor argues that the bankruptcy court erred by failing to "use[] its powers under 11 U.S.C. § 105 to perform a *de novo* analysis of [Debtor's] claim of void judgment of foreclosure." (Appellant's Principal Br. at 16, BAP Case 24-8005, ECF No. 17.) As the district court explained in the District Court Dismissal Order,

> Plaintiff asks this Court to review the state court's decisions in the foreclosure action and to declare the foreclosure judgment void. This action is precisely the kind of challenge to a state court decision that is barred by the *Rooker-Feldman* doctrine. Federal appellate review of state court judgments can only occur in the United States Supreme Court.

(District Court Dismissal Order at 5-6, Case No. 1:23-cv-00918-BMB (N.D. Ohio July 28, 2023), ECF No. 11(citations omitted).)

Debtor argues in reply that *Rooker-Feldman* does not bar her challenge to the Foreclosure Judgment because she has "consistently cited other sources of injury than the state court decision, that the judgment is a nullity and void *ab initio* for failure of service of summons resulting in absence of subject matter jurisdiction [of the state court] to render a substantive order, and that Wells [Fargo] committed fraud on the Ohio state court system." (Appellant's Reply Br. at 18, BAP Case No. 24-8005, ECF No. 21.)[18] "[W]hen the litigant directly asks a

---

[18]Debtor also raises in her reply brief that the Foreclosure Judgment "is not enforceable as [she] has timely raised the affirmative defense of statute of limitations in her objections to Wells [Fargo's] proof of claims. (Appellant's Reply Br. at 11, BAP Case No. 24-8005, ECF No. 21.) Debtor's claims objection, however, is not before this Panel, and Debtor has failed to raise any issue on appeal or any argument concerning the bankruptcy

federal district court to 'declare a state-court order to be unconstitutional and enjoin its enforcement," the *Rooker-Feldman* doctrine applies and bars the federal court from reviewing the underlying order. *RLR Inv., LLC v. City of Pigeon Forge*, 4 F.4th 380, 388 (6th Cir. 2021) (citation omitted); *see, e.g., Kerr v. Pollex*, No. 22-3993, 2023 WL 8358798, at *3 (6th Cir. Aug. 11, 2023) (quoting *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007) ("When a litigant believes that he did not have a reasonable opportunity to pursue an argument in the state courts, 'the proper course of action is to appeal the judgment through the state-court system and then to seek review by writ of certiorari from the [United States] Supreme Court.'")); *Rose v. Oakland Cnty. Mich. Treasurer*, No. 21-2626, 2023 WL 2823972, at *8 (6th Cir. Apr. 7, 2023) (holding that a claimant's "request for the court to 'strike down the foreclosure' [was] a direct attack on the state court foreclosure judgment" and barred by *Rooker-Feldman*, but her takings claim was independent and not barred).

As noted by the district court, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."  (District Court Dismissal Order at 8, Case No. 1:23-cv-00918-BMB (N.D. Ohio July 28, 2023), ECF No. 11 (quoting *Catz v. Chalker*, 142 F.3d 179, 293 (6th Cir. 1998).)  Simply, the heart of Debtor's third challenge to the Stay Relief Order is the supposed invalidity of the Foreclosure Judgment, but the *Rooker-Feldman* doctrine bars the bankruptcy court and this Panel from reviewing the Foreclosure Judgment.  Accordingly, the Panel finds no error in the bankruptcy court's failure to utilize its equitable powers under § 105 to review the Foreclosure Judgment when adjudicating the Motion for Stay Relief.

---

court's denial of the Motion for Reconsideration while Debtor's objection to Wells Fargo's claim was pending. Debtor includes other rebuttal arguments in her reply brief, including an argument that federal courts may review state court judgments under Rule 60(d) (*id.* at 12); that the bankruptcy court failed to adequately explain its basis for the Stay Relief Order (*id.* at 16-17); and that neither res judicata under Ohio law nor the Anti-injunction Act bar federal independent action to review the Foreclosure Judgment (*id.* at 18-19).  The Panel will not address these rebuttal arguments because they were not raised in the statement of issues on appeal or in the opening brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) (stating that "arguments made . . . for the first time in a reply brief are waived").

## II.  Reconsideration Under Federal Rule of Civil Procedure 59(e)

"Courts generally treat a motion for reconsideration as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) [which is applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9023]." *Hamerly v. Fifth Third Mortg. Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).  Whether to grant or deny a motion for reconsideration under Rule 59(e), which is an "extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources," falls "within the informed discretion of the court."  *Id*. (citations omitted); *see York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) ("[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." (citations omitted)).  Accordingly, "[a] court may reconsider a previous judgment under Rule 59(e) to accommodate an intervening change in controlling law, to account for newly discovered evidence, to correct a clear error of law, or to prevent manifest injustice." *Cusano v. Klein* (*In re Cusano*), 431 B.R. 726, 734 (B.A.P. 6th Cir. 2010) (citations omitted). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable," *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), and "[m]anifest injustice is defined as '[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.'"  *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting BLACK'S LAW DICTIONARY 982 (8th ed. 2004)).

The party seeking reconsideration bears the "burden of demonstrating the existence of a manifest error of fact or law." *In re J & M Salupo Dev. Co.*, 388 B.R. at 805.  However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also In re J & M Salupo Dev. Co.*, 388 B.R. at 805 ("A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories." (citation omitted)).  Similarly, "[a] Rule 59(e) motion to alter or amend is not the proper vehicle to raise arguments that should have been made before judgment." *Russell v. GTE Gov't Sys.*

*Corp.*, 141 F. App'x 429, 434 (6th Cir. 2005).  Thus, "[a] court does not abuse its discretion by denying a Rule 60(b) [or Rule 59] motion that simply rehashes previously raised arguments." *In re Murray Energy Holdings Co.*, 640 B.R. at 566.

Notably, Debtor raises no argument that the bankruptcy court abused its discretion in denying the Motion for Reconsideration of the Stay Relief Order.  Instead, her statement of issues on appeal and her opening brief challenge only the underlying Stay Relief Order, which as explained above, the Panel will affirm because it finds no abuse of discretion in the bankruptcy court's decision.  Accordingly, the Panel also finds no abuse of discretion in the bankruptcy court's denial of the Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's entry of the Stay Relief Order and its denial of Debtor's Motion for Reconsideration are AFFIRMED.